**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CHRISTINE ROWE**                                                    **PLAINTIFF**

**V.**                                   **4:24CV00819 JM**

**POPLAR GROVE OPERATIONS, LLC
D/B/A THE GREEN HOUSE COTTAGES
OF POPLAR GROVE, LISA NELSON
DIRECTOR OF NURSING, CARNAIL
WILLIAMS, ADMINISTRATOR**                                **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' partial motion to dismiss. (Docket # 5).  Plaintiff has filed a response and the motion is ripe for consideration.

Plaintiff filed her complaint in the Circuit Court of Pulaski County Arkansas on May 29, 2024.  The case was removed to this Court on September 25, 2024.  Plaintiff a former employee of Defendant Poplar Grove Operations, LLC d/b/a The Green House Cottages of Poplar Grove brings this action alleging the following claims relating to her discharge:  (1) discrimination on the basis of race, in violation of Title VII of the Civil Rights Act of 1964 (Title VII), "other equal rights statutes," and the Arkansas Civil Rights Act (ACRA); (2) discrimination on the basis of age, in violation of the ADEA, the ACRA, and Ark. Code Ann. § 21–3–203(a)(1) and (a)(2); (3) the tort of outrage; (4) wrongful discharge in violation of public policy; and (5) violation of the Family and Medical Leave Act.

Defendants argue the following claims are subject to dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure: (1) race discrimination under Title VII, as to all Defendants, for Plaintiff's failure  to exhaust administrative remedies; (2) race discrimination under the ACRA, as to Nelson and Williams, because they are not individually liable under the

ACRA; (3) age discrimination under the ADEA, as to Nelson and Williams, because they are not individually liable under ADEA; (4) age discrimination under the ACRA, as to all Defendants, because age is not a protected characteristic under the ACRA; (5) age discrimination under Ark. Code Ann. § 21–3–203(a), as to all Defendants, because no Defendant is an Arkansas "public employer"; (6) the tort of outrage, as to all Defendants, because Plaintiff's factual allegations are factually insufficient to state a claim for relief; (7) discharge in violation of public policy, as to all Defendants, because Plaintiff fails to articulate a public policy grounded in Arkansas law; and (8) violation of the FMLA, as to all Defendants, because Plaintiff's allegations are factually insufficient to state a claim for relief.

Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. 544, 555 (2007)).   A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id*. at 556. The issue is not whether the plaintiff will

ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." *Twombly,* 550 U.S. at 556.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27(1989). The Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555.

<u>Discussion</u>

A. <u>Defendants Lisa Nelson and Carnail Williams</u>

The Title VII, ADEA, and ACRA claims against Defendants Lisa Nelson and Carnail Williams are dismissed with prejudice because they are not an "employer" capable of being sued in their individual capacities. *See Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 820 (E.D. Ark. 1996) (holding that individual employees cannot be personally liable under Title VII, ADA, ADEA, or ACRA). See also, *Carson v. Lacy*, 856 F. App'x 53, 54 (8th Cir. 2021) citing, *Spencer v. Ripley Cnty. State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam) (individual employees are not personally liable under Title VII or the ACRA).

B. <u>Race discrimination under Title VII</u>

Plaintiff's race discrimination claim under Title VII is dismissed because she failed to exhaust her administrative remedies with respect to that claim. Plaintiff may only bring a Title VII suit as to alleged unlawful unemployment practices that are either described in her EEOC charge or like or reasonably related to them. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). Plaintiff's EEOC charge alleges that she was discriminated against on the

basis of age.  Rowe make no reference to race discrimination.  Plaintiff's race discrimination

claim is not "like or reasonably related" to her claim of age discrimination, accordingly, she has

not exhausted her administrative remedies as to her race discrimination claim.  *Robinson v. Am.*

*Red Cross*, No. 4:11-CV-00768-SWW, 2012 WL 79605, at *2 (E.D. Ark. Jan. 11, 2012*), aff'd,*

753 F.3d 749 (8th Cir. 2014) citing, *Sallis v. Univ. of Minn.,* 322 F.Supp.2d 999, 1004 n. 1

(D.Minn.2004) ("Age and race are distinct protected categories and the exhaustion of remedies

with regard to one does not create a right to sue for the other."), *aff'd,* 408 F.3d 470 (8th

Cir.2005).

### C.  Family Medical Leave Act

Defendants argue that Plaintiff's allegations under the FMLA are factually insufficient to

state a claim.  At this stage in the proceedings the Court finds that Plaintiff has stated a plausible

claim under the FMLA.

### D.  Remaining Claims

Plaintiff does not respond to the Defendants' motion to dismiss the age

discrimination under the ACRA, as to all Defendants, because age is not a protected

characteristic under the ACRA; age discrimination under Ark. Code Ann. § 21–3–203(a), as to

all Defendants, because no Defendant is an Arkansas "public employers";  the tort of outrage, as

to all Defendants, because Plaintiff's factual allegations are factually insufficient to state a claim

for relief; or  discharge in violation of public policy, as to all Defendants.   If a party does not

refute the opposing party's argument, then it is deemed a concession. *See, e.g., Stepps v. Bd. of*

*Trustees of Univ. of Arkansas*, No. 4:21-CV-00986-LPR, 2022 WL 4086647, at *4 n.45 (E.D.

Ark. Sept. 6, 2022) ("Defendants concede this point by failing to argue it."); *Xenia Rural Water*

*Dist. v. City of Johnston, Iowa*, 467 F. Supp. 3d 696, 704 (S.D. Iowa 2020) When a plaintiff fails

to defend or pursue a claim in response to a motion to dismiss or summary judgment, the claim is deemed abandoned. *Fam. Dollar Stores of Missouri, LLC v. Tsai's Inv., Inc.*, No. 4:21-CV-572-SRW, 2022 WL 355109, at *14 (E.D. Mo. Feb. 7, 2022).  *See also*, *Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding the plaintiff abandoned her retaliatory abandonment claim when she failed to defend the claim in response to a motion to dismiss) (citation omitted); *Culkin v. Walgreen Co.*, No. 4:05-CV-1859-ERW, 2006 WL 839195, at *1 (E.D. Mo. Mar. 27, 2006) ("Plaintiffs did not respond to Defendant's arguments regarding Count II. Thus, without addressing the merits of Defendant's arguments, this Court finds that Plaintiffs have abandoned their claim of general negligence against Defendant."); *Lipov v. Louisiana-Pac. Corp.*, No. 1:12-CV-439, 2013 WL 3805673, at *4 (W.D. Mich. July 22, 2013) ("Plaintiff did not respond to Defendant's challenge to Count II, and this Court construes the omission as evidence of Plaintiff's intent to abandon this portion of his claim in Count II.").  Because Plaintiff did not respond to Defendants' challenge on these claims, the Court finds that Plaintiff has abandoned these claims.

<u>Conclusion</u>

For these reasons, Defendant's motion to dismiss (docket # 5) is DENIED IN PART AND GRANTED IN PART.   The following claims are dismissed:  claims under Title VII, ACRA, ADEA against Defendants Lisa Nelson and Carnail Williams;  Plaintiff's race discrimination claim under Title VII;  Plaintiff's age discrimination claim under the ACRA; Plaintiff's age discrimination claims under Ark Code Ann § 21-3-203(a); the tort of outrage claim; and discharge in violation of public policy grounded in Arkansas law.

IT IS SO ORDERED this 23rd day of April, 2025.

_____
James M. Moody Jr.
United States District Judge